# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA URSUA-HOLMES, | Case No.: 1:15-cv-00843- JLT |
| Plaintiff, | ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO |
| v. | 42 U.S.C. § 406(b) |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | (Doc. 27) |
| Defendant. | |

Michelle Shvarts, counsel for Plaintiff Teresa Ursua-Holmes, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 27) Neither Plaintiff nor Defendant filed a response to the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.    Relevant Background**

Plaintiff entered into a contingent fee agreement with Ms. Shvarts on May 7, 2015, which provided that "if the federal court litigation result[ed] in past-due benefits" paid to Plaintiff and/or her auxiliary beneficiaries she would pay "an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded." (Doc. 27-1 at 10)

On June 3, 2015, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1) The Court determined the administrative law judge erred in the

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

evaluating the credibility of Plaintiff's subjective complaints. (Doc. 23 at 10-15) Therefore, the Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 16) Following the entry of judgment in favor of Plaintiff (Doc. 24), the Court awarded $3,124.00 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 26)

Following the remand, an administrative law judge "issued a fully favorable decision awarding Ms. Ursua-Holmes… Social Security Disability benefits." (Doc. 27 at 3) The Commissioner concluded Plaintiff was "entitled to monthly disability benefits from Social Security beginning April 2013." (Doc. 27-1 at 4) Accordingly, Plaintiff was entitled to past due benefits totaling $69,600.00, out of which the Commissioner withheld 25% — in the amount of $17,140.00 — for payment of attorney's fees. (Doc. 27 at 3; Doc. 27-1 at 6)

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits

received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded retroactive benefits. Ms. Shvarts accepted the risk of loss in the representation and expended a total of 17.3 hours while representing Plaintiff before the District Court. (Doc. 27 at 4; Doc. 27-1 at 12) As a result of counsel's work, the matter was remanded for further proceedings before an administrative law judge, who issued a fully favorable decision and awarded Plaintiff benefits for disability. For this, Ms. Shvarts requests a fee of $17,140.00. (Doc. 27 at 2) Because $3,124.00 was paid under the EAJA, the net cost to Plaintiff is $14,016.00. (*Id.*) Finally, although served with the motion and informed of the right to oppose the fee request (Doc. 27-1 at 2), Plaintiff did not file an opposition and thereby indicates her belief that the fee request is reasonable.

Significantly, there is no indication Ms. Shvarts performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision following the remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by Ms. Shvarts are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

**IV.     Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $17,140.00 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, Michelle Shvarts; and
3. Counsel **SHALL** refund $3,124.00 to Plaintiff Teresa Ursua-Holmes.

IT IS SO ORDERED.

Dated:     **February 12, 2018**            **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

3